UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVINCHE JAVON ALBRITTON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:24-cv-01424-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT, GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING THE CLERK OF COURT RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF Nos. 1, 4, & 6 |

　　　Plaintiff DeVinche Albritton is a Virginia state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983.[1] Plaintiff brings this action against the State of California and the California Department of Corrections and Rehabilitation.  In the complaint, plaintiff seeks to provide voter registration forms to all California inmates and delay the deadline

---

[1] Plaintiff opened this action by filing a document titled, "Petition for a Writ of Mandamus and/or an Emergency Order for Injunctive Relief."  ECF No. 1.  Plaintiff later filed a motion for an "Emergency Injunction."  ECF No. 6.  Out of an abundance of caution, I reviewed plaintiff's initial filing as a complaint.

1

to add his name to the California ballot as an independent presidential candidate. Plaintiff has also filed a motion seeking injunctive relief for the same requests laid out in the complaint. Because the complaint fails to state a claim, I dismiss it without prejudice to refiling, and I will recommend that his motion for injunctive relief be denied. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

Plaintiff, who is an inmate in Virginia, requests that every California inmate be provided with a voter registration application and that California extend its presidential ballot deadline so that he can circulate a petition for his candidacy to California voters. ECF No. 1 at 1-5. Plaintiff explains that on April 12 of this year he became an official 2024 Independent Presidential Candidate and wishes to have his name on the November 2024 ballot. Plaintiff claims that his request is supported by the Supreme Court's recent ruling in *Trump v. Anderson*, 601 U.S. 100 (2024). According to the complaint, the Supreme Court ruled in that case that every citizen has the right to vote, which includes those who are presently incarcerated.

As an initial matter, plaintiff, who is proceeding pro se, cannot represent other individuals. *See* 28 U.S.C. § 1654 (2009) (parties may plead and conduct their own cases personally in all federal courts); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (noting an individual appearing pro se may not represent other individuals in federal court). Therefore, he cannot bring claims on behalf of all California inmates.

Even if plaintiff could bring claims on behalf of all California inmates, he would not be entitled to the relief he seeks because imprisoned felons in California do not have the right to vote. Section 2 of the Fourteenth Amendment to the United States Constitution expressly provides that the right to vote may be abridged for participation in a crime. This section has been interpreted as allowing a state to disenfranchise those convicted of a crime, including those who have completed their sentences and paroles. *See Richardson v. Ramirez*, 418 U.S. 24, 56 (1974). And California does not permit imprisoned felons the right to vote. *See* Cal. Const. Art. II, § 4; Cal. Elec. Code § 2101 ("A person entitled to register to vote shall be a United States citizen, a resident of California, not imprisoned for the conviction of a felony, and at least 18 years of age at the time of the next election."); *Harris v. Dir. of C.D.C.R.*, No. 18-CV-01114-JST, 2018 WL 11302949, at *2 (N.D. Cal. Apr. 9, 2018) ("The California Constitution disqualifies individuals who are imprisoned on a felony from voting.").

Finally, because the complaint fails to explain how California's presidential candidacy deadline is unconstitutional, this claim will also be dismissed.

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

### Motion for Injunctive Relief

In order to obtain injunctive relief, plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important— likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Here, plaintiff fails to demonstrate a likelihood of success on the merits, since, as explained above, the complaint fails to state a claim.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is granted.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

3. The Clerk of Court is directed to send plaintiff a complaint form.

Further, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 6, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  July 26, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5